**HILL, FARRER & BURRILL LLP**
James A. Bowles (Bar No. 089383)
    E–mail: jbowles@hillfarrer.com
Casey L. Morris (Bar No. 238455)
    E–mail: cmorris@hillfarrer.com
Erika A. Silverman (Bar No. 301864)
    E–mail: esilverman@hillfarrer.com
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071–3147
Telephone:  (213) 620–0460
Fax:  (213) 624–4840

Attorneys for Defendant
Time Warner Cable, Inc.

E-FILED 12/5/17
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEVIN MAYS,

                    Plaintiff,

          vs.

TIME WARNER CABLE,

                    Defendant.

CASE NO.  2:16-CV-00120-PSG-JPR

**[~~PROPOSED~~] JUDGMENT**

Trial:        November 28, 2017
Ct. room:   6A
Judge:      Hon. Philip S. Gutierrez

On October 4, 2017, after full consideration of the papers submitted in support of and in opposition to Defendant Time Warner Cable, Inc.'s Motion for Summary Judgment, this Court granted summary judgment in favor of Defendant as to Plaintiff Kevin Mays' first cause of action for disability discrimination, second cause of action for failure to accommodate a disability, third cause of action for failure to engage in the interactive process, fourth cause of action for racial discrimination, fifth cause of action for age discrimination, and sixth cause of action for failure to prevent discrimination.  This Court also granted partial summary judgment as to Plaintiff's seventh cause of action for unpaid overtime and wages, eighth and ninth causes of action for wage statement violations, and tenth cause of action for waiting time penalties as to meal and rest periods and vacation

pay.

Plaintiff's remaining causes of action for unpaid off-the-clock overtime wages, wage statement violations, and waiting time penalties came on regularly for trial between November 28, 2017 and November 29, 2017 in Courtroom 6A of the United States District Court, Central District of California, located at 350 W. 1st Street, before the Honorable Philip S. Gutierrez, United States District Court Judge. Plaintiff was represented by Sean M. Novak of The Novak Law Firm, P.C. Defendant was represented by James A. Bowles and Erika A. Silverman of Hill, Farrer & Burrill LLP.

A jury of eight (8) persons was regularly empaneled and sworn. Witnesses were sworn and testified and documentary evidence was introduced and admitted into evidence. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury. The jury deliberated and thereafter returned to the Court with their unanimous verdict as follows:

## I.    <u>FAILURE TO PAY OVERTIME WAGES</u>

(1)    Did Kevin Mays perform any overtime work while not clocked in between April 21, 2012 and May 10, 2013?

    ✓ Yes            ___ No

*If your answer to question number 1 is "yes," then answer question number 2. If your answer to question number 1 is "no," stop here, answer no further questions, and have the presiding juror sign and date this form.*

(2)    Did Time Warner Cable, Inc. know, or should it have reasonably known, that Mays performed overtime work while not clocked in between April 21, 2012 and May 10, 2013?

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

___ Yes          ✓ No

*If your answer to question number 2 is "yes," then answer question number 3. If your answer to question number 2 is "no," stop here, answer no further questions, and have the presiding juror sign and date this form.*

(3)    Did Time Warner Cable, Inc. fail to pay Mays for his overtime work that he performed while not clocked in between April 21, 2012 and May 10, 2013?

___ Yes          ___ No

*If your answer to question number 3 is "yes," then answer question number 4. If your answer to question number 3 is "no," stop here, answer no further questions, and have the presiding juror sign and date this form.*

(4)    (a) Please state the number of overtime minutes Mays worked while not clocked in from April 21, 2012 through May 10, 2013:

_____ minutes

(b) What is the total amount of unpaid overtime wages defendant Time Warner Cable, Inc. owes to Mays for the period from April 21, 2012 through May 10, 2013?

$ _____

*Please go to question number 5.*

## II.    WAITING TIME PENALTIES

*Please answer the below questions only if you answered "yes" to question number 3. If you answered "no," to question number 1, 2, or 3, answer no further*

– 3 –

*questions, and have the presiding juror sign and date this form.*

(5)     Did Time Warner Cable, Inc. fail to pay Mays all wages due to him on the date that Mays' employment ended on May 10, 2013?

___ Yes          ___ No

*If your answer to question number 5 is "yes," then answer question number 6. If your answer to question number 5 is "no," go to question number 7.*

(6)     Was Time Warner Cable, Inc.'s failure to pay Mays the wages owed to him on May 10, 2013 willful?

___ Yes          ___ No

*Go to question number 7.*

## III.   <u>WAGE STATEMENT VIOLATIONS</u>

*Please answer the below questions only if you answered "yes" to question number 3. If you answered "no" to question number 1, 2, or 3, answer no further questions, and have the presiding juror sign and date this form.*

(7)     Did Mays' wage statements violate the requirements of California Labor Code § 226(a) by failing to accurately state at least one of the following items: (a) the amount of wages owed to Mays; (b) the amount of hours worked by Mays; (c) Mays' hourly rates; and/or (d) the amount of hours worked by Mays at each hourly rate?

___ Yes          ___ No

*If your answer to question number 7 is "yes," then answer question number*

*8. If your answer to question number 7 is "no," stop here, answer no further questions, and have the presiding juror sign and date this form.*

(8)     Were Time Warner Cable, Inc.'s wage statement violations knowing and intentional?

___ Yes            ___ No

*If your answer to question number 8 is "yes," then answer question number 9. If your answer to question number 8 is "no," stop here, answer no further questions, and have the presiding juror sign and date this form.*

(9)     Was Mays injured from the inaccurate or incomplete wage statements?

___ Yes            ___ No

*If your answer to question number 9 is "yes," then answer question number 10. If your answer to question number 9 is "no," stop here, answer no further questions, and have the presiding juror sign and date this form.*

(10)     During how many pay periods between April 21, 2014 and April 21, 2015 did Time Warner Cable, Inc. knowingly and intentionally violate the wage statement requirements set forth in California Labor Code § 226(a)?

_____ pay periods.

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

[PROPOSED] JUDGMENT

Partial Summary judgment having been granted in favor of Defendant, and the jury having rendered a verdict in favor of Defendant on the remaining causes of action, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.     That judgment be, and hereby is, entered in favor of the Defendant Time Warner Cable, Inc. and against Plaintiff Kevin Mays;

2.     That Plaintiff Kevin Mays shall take nothing;

3.     That Defendant Time Warner Cable, Inc. shall recover its costs.

DATED:  12/5/17

Philip S. Gutierrez
United States District Judge

HFB 1847331.1 A5431062

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147